**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-26834-JB**

QUANZHOU JIUCI TRADING CO., LTD.,

*Plaintiff*,

v.

THE PARTNERSHIPS, UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

*Defendants.* /

**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER**

**THIS CAUSE** comes before the Court upon Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Order Restraining Transfer of Assets (the "Application"), pursuant to the Patent Act, 35 U.S.C. § 1, *et seq*., including 35 U.S.C. § 283, Federal Rule of Civil Procedure 65, the All Writs Act, 28 U.S.C. § 1651(a), Federal Rule of Civil Procedure 65, and this Court's inherent authority. ECF No. [8].

Defendants are the individuals, business entities, and unincorporated associations identified in Schedule "A" hereto (the "Defendants"). Plaintiff asks the Court to enter (1) a temporary restraining order against Defendants, and (2) an order restraining the financial accounts used by Defendants. Upon due consideration of the Application, the pertinent portions of the record, the relevant authorities, and for the reasons set forth herein, it is hereby **ORDERED AND ADJUDGED** that the Application, ECF No. [8], is **GRANTED**.

## I. Factual Background

The following factual background is taken from Plaintiff's Complaint, ECF No. [1], the Application, and supporting evidentiary submissions and exhibits.

Plaintiff claims it is the owner of U.S. Patent No. D1,057,416, titled "Laptop Bag" (the "D'416 Patent"), which the United States Patent and Trademark Office issued on January 14, 2025. ECF No. [8-1]. The D'416 Patent claims the ornamental design for a laptop bag, as shown and described. *Id.*

Plaintiff alleges that it sells laptop bags embodying the patented design claimed in the D'416 Patent through authorized sellers on Amazon.com. ECF No. [1] ¶ 11. Plaintiff further alleges that Defendants have not received a license or other authorization from Plaintiff to practice the patented design. ECF No. [8-3], ¶ 6.

According to Plaintiff, the D'416 Patent is valid, subsisting, and in full force and effect, and it is presumed valid under 35 U.S.C. § 282(a). *Id.* ¶¶ 4–5.

Plaintiff alleges that each Defendant is knowingly and intentionally promoting, advertising, distributing, offering for sale, and selling products that infringe the D'416 Patent within this district and throughout the United States by operating Internet based e-commerce stores under the seller names identified on Schedule A (the "Seller Aliases"). *See* ECF Nos. [1] ¶¶ 2, 6; [8-3] ¶¶ 7–10.

Counsel for Plaintiff reviewed the Infringement Evidence and certified that each Defendant (a) offers for sale, through an Amazon.com listing that was accessed from within this District, one or more products that Plaintiff has identified as infringing Plaintiff's design patent, and (b) offers to deliver to an address in this District, with pricing in U.S. dollars. ECF No. [8-2] ¶¶ 4–7.

On September 29, 2026, Plaintiff filed its Complaint against Defendants for design patent infringement in violation of 35 U.S.C. § 271. ECF No. [1]. On October 27, 2026, Plaintiff filed the instant Application. ECF No. [8].

**II. Legal Standard**

In order to obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In addition, Federal Rule of Civil Procedure 65 provides that a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 439 (1974).

**III. Discussion**

The declarations Plaintiff submitted in support of its Application support the following conclusions of law:

Plaintiff has demonstrated a substantial likelihood of success on the merits of Plaintiff's design patent infringement claim because Plaintiff owns the D’416 Patent, which is presumed valid under 35 U.S.C. § 282(a), and Defendants offer for sale and sell, without authorization, products whose overall appearance, in the eye of an ordinary observer, is substantially the same as the design claimed in the D’416 Patent, in violation of 35 U.S.C. § 271(a).

The following specific facts, as set forth in Plaintiff's Complaint, the Application, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff before Defendants can be heard in opposition unless Plaintiff's request for *ex parte* relief is granted:

a. Defendants own or control e-commerce stores operating under the Seller Aliases which advertise, promote, offer for sale, and sell products that infringe the D’416 Patent without Plaintiff's authorization;

b. There is good cause to believe that additional infringing products will continue to be offered for sale unless Defendants’ conduct is restrained;

c. There is good cause to believe Plaintiff may suffer lost sales of Plaintiff's products and loss of its right to exclude others from making, using, offering for sale, selling, and importing products that embody the patented design; and

d. There is good cause to believe that if Plaintiff proceeds to put Defendants on notice of this Application, Defendants can easily and quickly change

the ownership or modify their e-commerce stores registration and account data and content, change payment accounts, redirect consumer traffic to other online stores, and transfer assets and ownership of the online stores, thereby thwarting Plaintiff's ability to obtain meaningful relief.

The balance of harms favors Plaintiff, as Defendants have no legitimate interest in continuing to infringe the D'416 Patent, while Plaintiff faces substantial and irreparable injury absent injunctive relief.

The public interest favors issuance of the temporary restraining order to protect Plaintiff's patent rights, to encourage respect for the law, and to prevent the sale of infringing products.

Pursuant to 35 U.S.C. § 289, whoever, without license of the owner, "sells or exposes for sale any article of manufacture to which [the patented] design or colorable imitation has been applied shall be liable to the owner to the extent of his total profit, but not less than $250[.]"

Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995) (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

Considering the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal patent laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond

the jurisdiction of this Court unless those assets are restrained. Because Defendants are foreign online sellers who can quickly move funds out of their seller accounts, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten profits and assets beyond the jurisdiction of this Court unless those assets are restrained.

Accordingly, upon due consideration of Plaintiff's Complaint, Application, and supporting evidentiary submissions, it is hereby **ORDERED AND ADJUDGED** that pursuant to 35 U.S.C. § 283, Federal Rule of Civil Procedure 65, and the Court's inherent equitable authority, Plaintiff's Application, ECF No. [8], is **GRANTED**, according to the terms set forth below:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all person acting for, with, by, through, under or in active concert with them are temporarily enjoined and restrained from:

   a. making, using, offering for sale, selling, or importing into the United States any product that infringes the D'416 Patent without the express authorization of Plaintiff;

   b. aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, or importing into the United States any product that infringes the D'416 Patent;

   c. further infringing the D'416 Patent;

d. from secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products that infringe the D’416 Patent; or (ii) any assets or other financial accounts subject to this Order, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any of the Defendants, including, but not limited to, any assets held by or on behalf of any of the Defendants; and

e. transferring ownership of the Seller Aliases, or creating, acquiring, or using any other seller alias or online marketplace account, for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2. Defendants and any person in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

3. Amazon Inc. and any third-party financial institutions, payment processors, banks, escrow services, or money transmitters providing services to Defendants shall, within two (2) business days of receipt of this Order, for any of Defendants or any of the Seller Aliases: (a) locate all accounts and funds connected to Defendants or the Seller Aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A

attached hereto and any email addresses provided for Defendants by third parties; (b) restrain and enjoin any such accounts or funds from transferring or disposing of money or any other assets belonging to Defendants until further ordered by this Court; and (c) provide Plaintiff's counsel with a summary report identifying the accounts located and the amount of funds restrained for each Defendant. By no later than **five days** prior to the preliminary injunction hearing, Plaintiff shall file a notice (which may be submitted under seal) advising the Court of the total amount of funds so restrained from each of the Defendants and a copy of all data received pursuant to this paragraph.

4. Pursuant to 35 U.S.C. § 283 and Federal Rule of Civil Procedure 65(c), Plaintiff shall post bond in the amount of $10,000.00 as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase in the interest of justice. Plaintiff shall file a notice with the Court to confirm its compliance with this provision.

5. Any Defendant subject to this Order may appear and move to dissolve or modify the Order on two-days' notice to Plaintiff or on shorter notice as set by this Court.

6. Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

7. This Order shall apply to the E-commerce Store Names, associated e-commerce stores, and financial accounts, and any other e-commerce store names, or financial accounts which are being used by Defendants for the purpose of infringing Plaintiff's D'416 Patent.

8. As a matter of law, this Order shall no longer apply to any Defendant or associated e-commerce store name dismissed from this action or as to which Plaintiff has withdrawn its request for a temporary restraining order.

9. This Order shall remain in effect for **fourteen days** from the date of its entry unless extended for good cause.

10. Plaintiff is **DIRECTED** to file a Motion for Entry of a Preliminary Injunction no later than **seven days** from the entry of this Order, at which time the Court will set a telephonic hearing on the Motion for Entry of a Preliminary Injunction.

11. After Plaintiff's counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, Plaintiff shall serve copies of the Complaint, the Motion, and this Order, on each Defendant by e-mail via their corresponding e-mail address and/or online contact form or other means of electronic contact provided on the e-commerce stores operating under their store aliases, or by providing a copy of this Order by e-mail to the registrar of record or marketplace website for each of the e-commerce stores so that the registrar and marketplace website, in turn, notifies each

Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.

12. Plaintiff shall post copies of the Complaint, the Motion, and this Order, as well as all other documents filed in this action on the website located at https://cloud.palmerlawgroup.com/index.php/s/68d3tmFXp9pKHTA and shall provide the address to the website to Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website located at https://cloud.palmerlawgroup.com/index.php/s/68d3tmFXp9pKHTA or by other means reasonably calculated to give notice which is permitted by the Court.

13. Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the e-commerce stores and/or financial institutions, payment processors, banks, escrow services, and money transmitters, and marketplace platforms, including but not limited to, PayPal, Payoneer, and Amazon, Inc., and their related companies and affiliates shall, at Plaintiff's request, provide Plaintiff's counsel with any e-mail address known to be associated with Defendants' respective e-commerce stores.

**DONE AND ORDERED** in Miami, Florida, this 28th day of October, 2026.

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**

## Schedule A Defendants

| Def. # | Seller Aliases | Defendants' Amazon Store URLs |
|---|---|---|
| 1 | SJKHGU | https://www.amazon.com/sp?seller=A1Q9N8U9UK36NK |
| 2 | MAMA EVE -US | https://www.amazon.com/sp?seller=AGXHJP8TLE4CB |
| 3 | Cuteey Direct | https://www.amazon.com/sp?seller=A2U8JOCY11Z4WT |
| 4 | THAT-SEATURTLE | https://www.amazon.com/sp?seller=AU3Y1S70WLYQL |
| 5 | BUG Canvas Bags&Goods | https://www.amazon.com/sp?seller=A3HS8JWJN7BGDL |
| 6 | PONNOR US | https://www.amazon.com/sp?seller=ACRCOCJXG6LJB |
| 7 | Lyishishangmao | https://www.amazon.com/sp?seller=A2Z0TA3EWIH9LG |
| 8 | bassi direct | https://www.amazon.com/sp?seller=A2ROO8Q5DC22TR |
| 9 | Thetistore | https://www.amazon.com/sp?seller=AL9360OOUUVPF |
| 10 | DAJINSAN | https://www.amazon.com/sp?seller=AQF8S0KHQ943Y |
| 11 | Oswba | https://www.amazon.com/sp?seller=A3GZ1NA59ZIA56 |
| 12 | TYTX. | https://www.amazon.com/sp?seller=A1IAAB39LSEU89 |
| 13 | LANGXIIAN | https://www.amazon.com/sp?seller=APMTAT67HUC6M |
| 14 | PQIQP | https://www.amazon.com/sp?seller=A3IZK9PQ4N4QQQ |
| 15 | CHACONESS | https://www.amazon.com/sp?seller=A1J2LHXUMR9SZE |
| 16 | Deoxeu | https://www.amazon.com/sp?seller=A3P25FC8CZUUI1 |
| 17 | DXP Store | https://www.amazon.com/sp?seller=A1W3C8NMM57BO1 |
| 18 | SCling | https://www.amazon.com/sp?seller=A2SH8NXZ1V1OP7 |
| 19 | Tuoweikeji-US | https://www.amazon.com/sp?seller=A3D5L15JZFCTB4 |
| 20 | Chanliwuwu | https://www.amazon.com/sp?seller=A3A38MH0T7YYEH |

| | | |
|---|---|---|
| 21 | Comgrenwind | https://www.amazon.com/sp?seller=A16E3H330DQRKB |
| 22 | MUINS | https://www.amazon.com/sp?seller=A1AI1FHJ7PPGHS |
| 23 | SZ_1989 | https://www.amazon.com/sp?seller=AJ0RWGXSYMX91 |
| 24 | Sanopris Direct | https://www.amazon.com/sp?seller=ATZCUSU80LFOI |
| 25 | THAT-SEATURTLE | https://www.amazon.com/sp?seller=AU3Y1S70WLYQL |
| 26 | Weiara Official | https://www.amazon.com/sp?seller=A2E13Z9S8Y6MJ |
| 27 | LMY life | https://www.amazon.com/sp?seller=A27I5O13DK5F1R |
| 28 | xingcenkeui | https://www.amazon.com/sp?seller=A1GF2XK4WTTVGW |
| 29 | Rlozftel Fun Store | https://www.amazon.com/sp?seller=A3IQFTG2FP4TE5 |
| 30 | Benzss | https://www.amazon.com/sp?seller=A2UYCJG54ERC7Q |
| 31 | NEVERDIE | https://www.amazon.com/sp?seller=A3N08AB72NRD1Q |
| 32 | yiqishangmaogzs | https://www.amazon.com/sp?seller=ACSKR59DD4JH1 |
| 33 | 顺如乐贸易 | https://www.amazon.com/sp?seller=A3W3WQMWT979W2 |
| 34 | Huihang Elegant Life | https://www.amazon.com/sp?seller=A1IJOE1E00NKC2 |
| 35 | chenyiwen123 | https://www.amazon.com/sp?seller=A3G6YKKGS8NVZW |
| 36 | sgfggds | https://www.amazon.com/sp?seller=A1BRNYK89X0LGI |
| 37 | MCZTO | https://www.amazon.com/sp?seller=A1M5TD17HJZ0WW |
| 38 | AceJuye | https://www.amazon.com/sp?seller=AOEXPNDZ36JX8 |
| 39 | shilushmaoy | https://www.amazon.com/sp?seller=A37JEGWCHRNOAN |
| 40 | ZhangDaYong859 | https://www.amazon.com/sp?seller=A2GM52N8XBIPME |
| 41 | SDIOOGIO | https://www.amazon.com/sp?seller=A3R3LHCZMZGMQF |
| 42 | YueTRsplacy | https://www.amazon.com/sp?seller=A32CVCR8VA3ON3 |

| | | |
|---|---|---|
| 43 | qinxianjinliyuanliangshigouxiaoyouxiangongsi | https://www.amazon.com/sp?seller=A3R9TNBEEKN8SQ |
| 44 | chang984 | https://www.amazon.com/sp?seller=AD5QMA0K9GKEP |
| 45 | Whimsy Mall | https://www.amazon.com/sp?seller=A353AR9LLZ07SJ |
| 46 | 玖懿 SW | https://www.amazon.com/sp?seller=A8Q70IFFQD0SN |
| 47 | Youyi Home Furnishings | https://www.amazon.com/sp?seller=A2N2DDHZHC5XS0 |
| 48 | memoryhunter | https://www.amazon.com/sp?seller=A3IX57ZGYM0Y96 |
| 49 | QYSWDM | https://www.amazon.com/sp?seller=A12P1GAXBF8CYB |
| 50 | zhengzhoukandimaoyiyouxiangongsi | https://www.amazon.com/sp?seller=A20BXO80Q37BDO |
| 51 | Jinzhang Technology | https://www.amazon.com/sp?seller=A30N1WHULSGG2W |
| 52 | RZJZGZ | https://www.amazon.com/sp?seller=AEYLQE14RWV4 |
| 53 | Bestosell | https://www.amazon.com/sp?seller=A31KU02RQ3AHDZ |
| 54 | Jiweini Store | https://www.amazon.com/sp?seller=A2YN62LS3KFODN |