**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-26834-JB**

QUANZHOU JIUCI TRADING CO., LTD,

*Plaintiff*,

v.

The Partnerships, Unincorporated Associations Identified on Schedule A,

*Defendants*.
_______________________________________________ /

**PLAINTIFF'S MOTION FOR ENTRY OF PRELIMINARY INJUNCTION AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff Quanzhou Jiuci Trading Co., Ltd. ("Plaintiff") respectfully moves pursuant to 35 U.S.C. § 283 and Federal Rule of Civil Procedure 65(a) for entry of a preliminary injunction granting the same injunctive and asset-preservation relief provided in the Court's Temporary Restraining Order (the "TRO") [ECF No. 10]. Defendants have been served by the alternative electronic means authorized by the Court, and Plaintiff will serve this Motion and notice of the preliminary-injunction hearing by the same authorized means. In support, Plaintiff submits the following memorandum of law.

## Introduction

Plaintiff filed the instant civil action to combat the infringement of its U.S. Design Patent No. D1,057,416, titled "Laptop Bag" (the "D'416 Patent"). *See* [ECF No. 8-1].

On October 28, 2026, the Court entered the TRO. [ECF No. 10]. The same evidentiary record that supported entry of the TRO supports preliminary injunctive relief continuing the prohibition on Defendants' infringement of the D'416 Patent and the asset-preservation relief necessary to preserve effective equitable relief pending final adjudication.

The Court entered the TRO against Defendants based upon Plaintiff's evidence showing that each Defendant is promoting, advertising, distributing, offering for sale, and selling products embodying a design substantially the same as the design claimed in Plaintiff's D'416 Patent within this district and throughout the United States by operating Internet-based e-commerce stores under the seller names identified on Schedule A hereto (the "Seller Aliases"). Specifically, Plaintiff has provided evidence clearly demonstrating that each Defendant: (a) offering for sale one or more products that Plaintiff has identified as infringing Plaintiff's D'416 Patent; (b) offers to sell the products shown in those listings and deliver them to an address in this District, with pricing in U.S. dollars, through e-commerce stores operating under the Seller Aliases. *See* Decl. of Zhuang, [ECF No. 8-3, ¶¶ 8, 10]; Decl. of Palmer, [ECF No. 8-2, ¶¶ 5, 7]. Based on this evidence, Plaintiff's Complaint asserts a claim for design patent infringement under 35 U.S.C. § 271.

Each Defendant's infringing conduct has caused significant harm to Plaintiff's economic interests, reputation, and the commercial value of its patented design. To preserve the status quo and the Court's ability to grant effective equitable relief, including an accounting of profits, Plaintiff requests a preliminary injunction continuing the prohibition on Defendants' infringement

of the D'416 Patent and a restraint of Defendants' assets, including all funds in the financial accounts connected to Defendants and the Seller Aliases.

## Statement of Facts

### A. Plaintiff's Patent Rights

Plaintiff is the owner of all right, title, and interest in the D'416 Patent, U.S. Design Patent No. D1,057,416, titled "Laptop Bag." *See* [ECF No. 8-1]. The patent was duly and legally issued by the United States Patent and Trademark Office on January 14, 2025, and is valid, subsisting, and in full force and effect. *Id.*; *see also* Decl. of Zhuang, [ECF No. 8-3, ¶¶ 4].

The design claimed in the D'416 Patent has gained popularity and recognition among consumers of laptop bags. *See* Compl., [ECF No. 1, ¶ 10]. Products embodying the design claimed in the D'416 Patent ("Plaintiff's Products") are sold through authorized sellers on Amazon.com. *See* Decl. of Zhuang, [ECF No. 8-3, ¶ 6].

The D'416 Patent is presumed valid and confers on Plaintiff the right to exclude others from making, using, offering for sale, selling, and importing into the United States products embodying the claimed design. *See* 35 U.S.C. § 282(a); Decl. of Zhuang, [ECF No. 8-3, ¶¶ 5, 12]. The D'416 Patent has a term of fifteen (15) years from its date of grant. *See* [ECF No. 8-1].

### B. Defendants' Wrongful Use of Plaintiff's Patented Design

The commercial success of Plaintiff's laptop bag design has resulted in significant infringing activities. *See* Decl. of Zhuang, [ECF No. 8-3, ¶ 7]. Defendants do not have, nor have they ever had, the right or authority to make, use, offer for sale, sell, or import into the United States any product embodying the design claimed in the D'416 Patent. *Id.* ¶ 6. Nevertheless, Defendants are promoting and otherwise advertising, distributing, offering for sale, and/or selling, through their respective online stores, products embodying a design that is substantially the same

as the design claimed in the D'416 Patent (the "Infringing Products"), without authorization. *Id*. ¶¶ 7-10. Unauthorized individuals and entities have exploited the design claimed in the D'416 Patent, and Plaintiff's investment in that design, selling lower-priced copies of Plaintiff's Products whose materials, workmanship, and quality Plaintiff has no control over. *Id.* ¶¶ 11-12.

For each Defendant, Plaintiff captured screenshots of the Defendant's listing after setting the Amazon.com delivery address to an address within this Judicial District. *Id.* ¶ 8. For each Defendant, the screenshots show: (a) the product listing offering for sale one or more products that infringe the D'416 Patent; (b) the price in U.S. dollars; (c) the page showing that the Defendant offers to deliver the product to that Florida address; and (d) the Defendant's seller-information page. *Id.*; *see also* [ECF Nos. 8-4, 8-5 and 8-6] (the "Infringement Evidence"). Each Defendant's seller-information page lists a business address in the People's Republic of China. Decl. of Zhuang, [ECF No. 8-3, ¶ 9]. Defendants sell laptop bags that infringe the D'416 Patent on Amazon.com, the same platform where Plaintiff's products are sold, and many Defendants offer their products at lower prices. *Id.* ¶ 11.

Plaintiff's well-pleaded allegations regarding the registration patterns of Defendants' online stores, offering and selling the same infringing laptop bag, similarities among their operations under their Seller Aliases, and common tactics employed to evade enforcement efforts establish a logical connection among Defendants and that Defendants are likely interrelated. *See* [ECF No. 1, ¶¶ 2, 17-20].

## **Procedural Background**

On September 29, 2026, Plaintiff filed its Complaint, [ECF No. 1], against Defendants for design patent infringement. On October 27, 2026, Plaintiff filed its *Ex Parte* Motion for Entry of a Temporary Restraining Order, Including a Temporary Injunction and a Temporary Asset

Restraint (the "TRO Motion") [ECF No. 8]. On October 28, 2026, this Court entered the TRO [ECF No. 10]. Pursuant to the TRO, Plaintiff posted its required bond on October 30, 2026.

Pursuant to the Order on Plaintiff's Motion for Alternate Service [ECF No. 11], Plaintiff served Defendants by email, at the addresses provided by Amazon, the Complaint, the TRO Motion, the TRO Order, and the Summons, together with a link to all relevant documents: https://cloud.palmerlawgroup.com/index.php/s/68d3tmFXp9pKHTA. *See* [ECF No. 17].

On November 4, 2026, Plaintiff moved to extend the deadline to file this Motion because it had not yet obtained the contact information needed to serve Defendants [ECF No. 15]. On November 5, 2026, the Court granted that motion and ordered Plaintiff to file this Motion by November 18, 2026 [ECF No. 16]. Plaintiff now moves the Court to convert the Temporary Restraining Order into a preliminary injunction against Defendants.

## Argument

### A. A Preliminary Injunction Is Essential to Prevent Irreparable Injury.

Rule 65(a)(1) of the Federal Rules of Civil Procedure provides that a court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). Plaintiff has served Defendants with a copy of the TRO, together with all other documents filed in this matter, thereby providing notice to Defendants. *See* [ECF No. 17].

Each Defendant, without authorization, promotes, advertises, offers to sell, and sells products embodying a design substantially the same as the design claimed in the D'416 Patent via their e-commerce stores operating under the Seller Aliases. By its actions, each Defendant is depriving Plaintiff of its right to exclude others from making, using, offering for sale, selling, and importing the patented design. Specifically, Defendants are wrongfully appropriating the patented design, the very feature that drives demand for Plaintiff's Products, to divert sales from Plaintiff

on the same platform where Plaintiff's Products are sold. *See* Decl. of Zhuang, [ECF No. 8-3, ¶ 11].

Absent a preliminary injunction, Defendants can and, based upon Plaintiff's counsel's experience, will likely significantly alter the status quo before the Court can determine the parties' respective rights. *See* Decl. of Palmer [ECF No. 8-2, ¶¶ 8, 16]. In particular, the e-commerce stores at issue are entirely under Defendants' control. They can change ownership, modify store data and content, alter payment accounts, redirect consumer traffic to other seller aliases, and transfer assets and ownership rights associated with the Seller Aliases. *See* Decl. of Palmer [ECF No. 8-2, ¶ 13]. These changes can occur rapidly, and Defendants are now on notice of this action. *Id.*

Without an asset restraint, each Defendant can easily transfer and conceal their funds and thereby thwart the Court's ability to grant meaningful relief and can completely erase the status quo. *Id.* ¶ 15. As each Defendant engages in unlawful infringing activities, Plaintiff has no reason to believe they will make their assets available for recovery pursuant to an award of total profits or other remedies or will adhere to the authority of this Court any more than they have adhered to federal patent law. *See* Decl. of Palmer, [ECF No. 8-2, ¶ 14]; Decl. of Zhuang, [ECF No. 8-3, ¶ 14].

Thus, this Court should prevent an injustice from occurring by converting the TRO into a preliminary injunction that continues to preclude Defendants from offering for sale and selling the Infringing Products through their e-commerce stores, and from modifying or deleting related content or data, to prevent ongoing irreparable harm and maintain the status quo.

### B. The Four Factors That Warranted Entry of a TRO Continue to Favor Entry of a Preliminary Injunction.

In this Circuit, the standard for obtaining a temporary restraining order and the standard for obtaining a preliminary injunction are the same. *See Emerging Vision, Inc. v. Glachman*, Case

No. 10-cv-80734, 2010 WL 3293346, at *3 (S.D. Fla. June 29, 2010) (citing *Siegel v. LePore*, 120 F. Supp. 2d 1041 (S.D. Fla. 2000), *aff'd*, 234 F.3d 1163 (11th Cir. 2000)).

To obtain a preliminary injunction, a party must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc*., 51 F.3d 982, 985 (11th Cir. 1995) (affirming entry of preliminary injunction and freezing of assets). In patent cases, injunctive relief is governed by traditional principles of equity, and 35 U.S.C. § 283 authorizes courts to grant injunctions "in accordance with the principles of equity to prevent the violation of any right secured by patent." *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391-94 (2006). In the present case, Plaintiff's evidence establishes all of the relevant factors.

1. Plaintiff Is Likely to Succeed on the Merits of the Design Patent Infringement Claim

To establish design patent infringement, a plaintiff needs to prove: (1) that it owns a valid design patent, and (2) that the defendant, without authority, made, used, offered to sell, sold, or imported into the United States an article embodying a design that is substantially the same as the patented design. *See* 35 U.S.C. § 271(a); *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (*en banc*). Similarly, under 35 U.S.C. § 289, a defendant who, without license of the owner, sells or exposes for sale any article of manufacture to which the patented design or any colorable imitation thereof has been applied is liable to the owner to the extent of its total profit. 35 U.S.C. § 289.

*a) Validity, ownership, and Defendants' unauthorized use*

Here, Plaintiff has established both the validity and its ownership of the patent in question. *See* [ECF No. 8-1]; *see also* [ECF No. 8-3, ¶¶ 3-5]. Plaintiff's D'416 Patent is valid, subsisting, and in full force and effect. The issuance of the D'416 Patent creates a statutory presumption of validity. 35 U.S.C. § 282(a). Further, Defendants' unauthorized use of the patented design on competing products is documented in the infringing evidence. *See* Decl. of Zhuang, [ECF No. 8-3, ¶¶ 7-10]. Plaintiff has never licensed or otherwise authorized that use. *See id*. ¶ 6.

Therefore, Plaintiff has established that it owns a valid design patent and that Defendants have used the patented design without authorization.

*b) Substantial similarity under the ordinary observer test*

The Federal Circuit applies the ordinary observer test in determining design patent infringement. *See Egyptian Goddess*, 543 F.3d at 678. Under this test, a design patent is infringed "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Egyptian Goddess*, 543 F.3d at 670. The claimed design and the accused design are compared as a whole, and the ordinary observer is deemed to view the differences between them in light of the prior art. *See Egyptian Goddess*, 543 F.3d at 676-78.

Plaintiff has demonstrated that the Infringing Products are substantially the same as the design claimed in the D'416 Patent in the eye of an ordinary observer. The Infringing Products share the overall shape, configuration, proportions, and ornamental features of the claimed design. *See* Decl. of Zhuang, [ECF No. 8-3, ¶ 10]. Although some accused products differ from the patented design in color or minor details, their overall appearance is substantially the same as the

claimed design. *Id.* The side-by-side comparison of the D'416 Patent figures and the Infringing Products shows that, in the eye of an ordinary observer, the accused design is substantially the same as the claimed design. *See* Compl., [ECF No. 1, ¶ 24]; *see also* [ECF Nos. 8-4, 8-5 and 8-6].

Viewed as a whole, the claimed and accused designs are substantially the same such that an ordinary observer, giving the attention a purchaser usually gives, would be deceived by the resemblance. *See* Egyptian Goddess, 543 F.3d at 670.

Accordingly, Plaintiff has shown a substantial likelihood of success on the merits of its design patent infringement claim.

2. There Is No Adequate Remedy at Law, and Plaintiff Is Suffering and Will Continue to Suffer Irreparable Harm in the Absence of Preliminary Relief

Once Plaintiff establishes a likelihood of success on the merits, Plaintiff must further show that it is likely to suffer irreparable harm in the absence of preliminary relief. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1148-49 (Fed. Cir. 2011) (confirming that *eBay* eliminated the presumption of irreparable harm in patent cases); *Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343, 1352 (Fed. Cir. 2016). Without an injunction and asset restraint, Plaintiff cannot be assured that permanent relief will be available. *See Levi Strauss*, 51 F.3d at 987 (citing *FTC v. U.S. Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)). Notably, price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm. *See Aria Diagnostics, Inc. v. Sequenom, Inc.*, 726 F.3d 1296, 1304 (Fed. Cir. 2013); *Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012). Courts have found irreparable harm to be satisfied where the patentee is forced to compete against products that incorporate and infringe its own patented design, and a causal nexus links the harm to the infringement. *See Apple Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352, 1364 (Fed. Cir. 2013).

The required causal nexus is present because the claimed ornamental design is not an incidental feature of a complex product; it is the accused laptop bag's overall visual design. Plaintiff's evidence further establishes that, because the accused products have substantially the same appearance as Plaintiff's Products, a customer looking for a laptop bag with this design can buy a Defendant's product instead of Plaintiff's. *See* Decl. of Zhuang, [ECF No. 8-3, ¶ 11]. Further, Defendants' Infringing Products are sold on Amazon.com, the same platform as Plaintiff's Products, and many Defendants offer them at lower prices, diverting sales from Plaintiff in amounts that Plaintiff cannot accurately measure. *Id.* ¶¶ 11, 13.

In addition, given that Defendants conceal their true identities and appear to operate from outside the United States, it is unlikely that Plaintiff can recover any monetary damages award it might obtain. *Id.* ¶¶ 9, 14; *see also* Decl. of Palmer, [ECF No. 8-2, ¶¶ 12, 16-17]. Further, foreign online sellers such as Defendants can avoid judgments rendered by United States courts by moving funds offshore. *See* Decl. of Zhuang, [ECF No. 8-3, ¶ 14]; Decl. of Palmer, [ECF No. 8-2, ¶¶ 15-16]; *see Celsis*, 664 F.3d at 931; *see also Robert Bosch*, 659 F.3d at 1154-56.

Thus, without injunctive relief, Plaintiff is suffering and will continue to suffer irreparable harm, including lost sales, price erosion, reputational damage, and loss of exclusivity in its patented design, which cannot be adequately remedied.

3. <u>The Balance of Hardships and the Public Interest Favor Preliminary Relief</u>

When considering the balance of hardships between the parties in patent infringement cases, courts generally favor the patentee where the accused infringer's claimed hardship arises from its own infringement. *See Celsis*, 664 F.3d at 931. Therefore, the balance of harms cannot favor a defendant whose injury results from its own infringement of the plaintiff's patent.

Courts have also held that an infringer cannot escape an injunction simply because its primary product is an infringing one. *See Robert Bosch*, 659 F.3d at 1156. Similarly, the public interest would be served by an injunction. The public interest generally favors protecting patent rights, particularly where, as here, the patentee practices its patented design.

Therefore, the public interest favors issuance of the preliminary injunction in order to protect Plaintiff's patent rights and to preserve the incentive to invest in innovative design that the patent laws are intended to protect.

Moreover, an infringer cannot complain about the loss of ability to offer its infringing product. There can be no harm to Defendants since an injunction will merely require that they comply with the law, namely, the Patent Act.

In the instant case, the evidence establishes that Defendants intentionally promoted, advertised, and offered for sale their infringing products for the purpose of financial gain. Given that an injunction is sought to halt Defendants' unlawful profit-making activities, the balance of equities unquestionably tips in Plaintiff's favor.

Further, an injunction against Defendants also serves the public interest by upholding patent rights, encouraging investment in innovative design, and maintaining fair competition.

Finally, an injunction would enhance the Court's authority in delivering effective relief. Plaintiff has valid concerns over potential recovery because, without an injunction, Defendants will unlikely make their assets available for recovery or adhere to the authority of this Court.

**The Equitable Relief Sought by Plaintiff Is Appropriate**

The Patent Act authorizes courts to issue injunctive relief "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

### A. The Preliminary Injunction Should Continue to Enjoin Defendants' Unauthorized and Unlawful Use of Plaintiff's Patented Design.

Plaintiff requests that the Court convert the TRO to a preliminary injunction that continues to require Defendants to cease making, using, offering for sale, selling, and importing products embodying a design substantially the same as the design claimed in the D'416 Patent, including through the e-commerce stores they own, operate, or control. Such relief is necessary to continue to stop the ongoing harm to Plaintiff's patent rights and to prevent Defendants from continuing to benefit from the sales diverted from Plaintiff by their unlawful use of the patented design. This Court has already found such relief warranted on the same record. *See* [ECF No. 10].

### B. The Preliminary Injunction Should Continue the Restraint of Defendants' Assets.

In addition to converting the Temporary Restraining Order to a preliminary injunction that continues to enjoin Defendants' unlawful practices, the Court's preliminary injunction should continue to limit the transfer of Defendants' unlawfully gained assets. Plaintiff has demonstrated above that it will likely succeed on the merits of its claim. Under 35 U.S.C. § 289, Plaintiff would be entitled to Defendants' total profits from the sale of articles of manufacture to which the patented design or any colorable imitation thereof has been applied throughout the course of their infringing scheme. 35 U.S.C. § 289.

This Court has broad authority to grant such an order. Although the Supreme Court has held that a district court may not freeze a defendant's assets in an action seeking only money damages, it distinguished cases in which the plaintiff seeks equitable relief. *See Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 324-25 (1999). Almost every Circuit has interpreted Rule 65 of the Federal Rules of Civil Procedure to grant authority to courts to restrain assets *pendente lite. See Mason Tenders Dist. Council Pension Fund v. Messera*, 1997

WL 223077 (S.D.N.Y. May 7, 1997) (acknowledging that "[a]lmost all the Circuit Courts have held that Rule 65 is available to freeze assets *pendente lite* under some set of circumstances").

The Eleventh Circuit has likewise recognized that a district court may restrain assets where equitable relief is sought. *See Levi Strauss*, 51 F.3d at 987; *SEC v. ETS Payphones, Inc.*, 408 F.3d 727, 734 (11th Cir. 2005) (holding that *Grupo Mexicano* did not control where the SEC sought "equitable relief (disgorgement), not just money damages"). Such a restraint is particularly important here because Defendants operate online, conceal their identities, and can quickly move funds offshore. *See* Decl. of Palmer, [ECF No. 8-2, ¶¶ 12, 15-16]; Decl. of Zhuang, [ECF No. 8-3, ¶ 14].

In this case, each Defendant's infringement of the D'416 Patent warrants a preliminary injunction continuing the restraint of its respective assets.

**C. The Posted Bond Is Sufficient to Secure the Injunction.**

Under Rule 65(c) of the Federal Rules of Civil Procedure, the Court has discretion to determine the appropriate bond amount. *See Carillon Importers, Ltd. v. Frank Pesce Int'l Grp. Ltd.*, 112 F.3d 1125, 1127 (11th Cir. 1997). Plaintiff respectfully requests that the previously posted bond of $10,000 remain in place to secure the injunction.

The Court has already set security in the amount of $10,000, and Plaintiff has posted that bond. Because the requested preliminary injunction continues the relief already granted in the TRO, and given the existing evidentiary record, Plaintiff respectfully requests that the $10,000 bond remain in place pursuant to Rule 65(c).

## **Conclusion**

Plaintiff has demonstrated a substantial likelihood of success on the merits, irreparable harm absent preliminary relief, that the balance of hardships favors Plaintiff, and that the public

interest supports a preliminary injunction. The record also supports continuing the asset restraint imposed by the TRO to preserve the Court's ability to grant effective equitable relief.

Therefore, Plaintiff respectfully requests that the Court enter a preliminary injunction continuing the prohibition on Defendants' infringement of the D'416 Patent, continuing the restraint of Defendants' assets, including all funds in the financial accounts connected to Defendants and the Seller Aliases, as set forth in the TRO, and maintaining the $10,000 bond previously posted by Plaintiff.

Date: November 13, 2026.

Respectfully submitted,

/s/ Andrew Palmer

Andrew J. Palmer
Palmer Law Group, P.A.
110 East Broward Blvd, Suite 1700
Fort Lauderdale, FL 33301
Phone: 954-491-1300
ajpalmer@palmerlawgroup.com
***Attorney for Plaintiff***

**Schedule A Defendants**

| Def. # | Seller Aliases | Defendants' Store URLs |
|---|---|---|
| 1 | SJKHGU | https://www.amazon.com/sp?seller=A1Q9N8U9UK36NK |
| 2 | MAMA EVE -US | https://www.amazon.com/sp?seller=AGXHJP8TLE4CB |
| 3 | Cuteey Direct | https://www.amazon.com/sp?seller=A2U8JOCY11Z4WT |
| 4 | THAT-SEATURTLE | https://www.amazon.com/sp?seller=AU3Y1S70WLYQL |
| 5 | BUG Canvas Bags&Goods | https://www.amazon.com/sp?seller=A3HS8JWJN7BGDL |
| 6 | PONNOR US | https://www.amazon.com/sp?seller=ACRCOCJXG6LJB |
| 7 | Lyishishangmao | https://www.amazon.com/sp?seller=A2Z0TA3EWIH9LG |
| 8 | bassi direct | https://www.amazon.com/sp?seller=A2ROO8Q5DC22TR |
| 9 | Thetistore | https://www.amazon.com/sp?seller=AL9360OOUUVPF |
| 10 | DAJINSAN | https://www.amazon.com/sp?seller=AQF8S0KHQ943Y |
| 11 | Oswba | https://www.amazon.com/sp?seller=A3GZ1NA59ZIA56 |
| 12 | TYTX. | https://www.amazon.com/sp?seller=A1IAAB39LSEU89 |
| 13 | LANGXIIAN | https://www.amazon.com/sp?seller=APMTAT67HUC6M |
| 14 | PQIQP | https://www.amazon.com/sp?seller=A3IZK9PQ4N4QQQ |
| 15 | CHACONESS | https://www.amazon.com/sp?seller=A1J2LHXUMR9SZE |
| 16 | Deoxeu | https://www.amazon.com/sp?seller=A3P25FC8CZUUI1 |
| 17 | DXP Store | https://www.amazon.com/sp?seller=A1W3C8NMM57BO1 |
| 18 | SCling | https://www.amazon.com/sp?seller=A2SH8NXZ1V1OP7 |
| 19 | Tuoweikeji-US | https://www.amazon.com/sp?seller=A3D5L15JZFCTB4 |
| 20 | Chanliwuwu | https://www.amazon.com/sp?seller=A3A38MH0T7YYEH |
| 21 | Comgrenwind | https://www.amazon.com/sp?seller=A16E3H330DQRKB |
| 22 | MUINS | https://www.amazon.com/sp?seller=A1AI1FHJ7PPGHS |
| 23 | SZ_1989 | https://www.amazon.com/sp?seller=AJ0RWGXSYMX91 |
| 24 | Sanopris Direct | https://www.amazon.com/sp?seller=ATZCUSU80LFOI |
| 25 | THAT-SEATURTLE | https://www.amazon.com/sp?seller=AU3Y1S70WLYQL |
| 26 | Weiara Official | https://www.amazon.com/sp?seller=A2E13Z9S8Y6MJ |
| 27 | LMY life | https://www.amazon.com/sp?seller=A27I5O13DK5F1R |
| 28 | xingcenkeui | https://www.amazon.com/sp?seller=A1GF2XK4WTTVGW |
| 29 | Rlozftel Fun Store | https://www.amazon.com/sp?seller=A3IQFTG2FP4TE5 |
| 30 | Benzss | https://www.amazon.com/sp?seller=A2UYCJG54ERC7Q |
| 31 | NEVERDIE | https://www.amazon.com/sp?seller=A3N08AB72NRD1Q |
| 32 | yiqishangmaogzs | https://www.amazon.com/sp?seller=ACSKR59DD4JH1 |
| 33 | 顺如乐贸易 | https://www.amazon.com/sp?seller=A3W3WQMWT979W2 |
| 34 | Huihang Elegant Life | https://www.amazon.com/sp?seller=A1IJOE1E00NKC2 |
| 35 | chenyiwen123 | https://www.amazon.com/sp?seller=A3G6YKKGS8NVZW |
| 36 | sgfggds | https://www.amazon.com/sp?seller=A1BRNYK89X0LGI |
| 37 | MCZTO | https://www.amazon.com/sp?seller=A1M5TD17HJZ0WW |

| | | |
|---|---|---|
| 38 | AceJuye | https://www.amazon.com/sp?seller=AOEXPNDZ36JX8 |
| 39 | shilushmaoy | https://www.amazon.com/sp?seller=A37JEGWCHRNOAN |
| 40 | ZhangDaYong859 | https://www.amazon.com/sp?seller=A2GM52N8XBIPME |
| 41 | SDIOOGIO | https://www.amazon.com/sp?seller=A3R3LHCZMZGMQF |
| 42 | YueTRsplacy | https://www.amazon.com/sp?seller=A32CVCR8VA3ON3 |
| 43 | qinxianjinliyuanliangshigouxiaoyouxian gongsi | https://www.amazon.com/sp?seller=A3R9TNBEEKN8SQ |
| 44 | chang984 | https://www.amazon.com/sp?seller=AD5QMA0K9GKEP |
| 45 | Whimsy Mall | https://www.amazon.com/sp?seller=A353AR9LLZ07SJ |
| 46 | 玖懿 SW | https://www.amazon.com/sp?seller=A8Q70IFFQD0SN |
| 47 | Youyi Home Furnishings | https://www.amazon.com/sp?seller=A2N2DDHZHC5XS0 |
| 48 | memoryhunter | https://www.amazon.com/sp?seller=A3IX57ZGYM0Y96 |
| 49 | QYSWDM | https://www.amazon.com/sp?seller=A12P1GAXBF8CYB |
| 50 | zhengzhoukandimaoyiyouxiangongsi | https://www.amazon.com/sp?seller=A20BXO80Q37BDO |
| 51 | Jinzhang Technology | https://www.amazon.com/sp?seller=A30N1WHULSGG2W |
| 52 | RZJZGZ | https://www.amazon.com/sp?seller=AEYLQE14RWV4 |
| 53 | Bestosell | https://www.amazon.com/sp?seller=A31KU02RQ3AHDZ |
| 54 | Jiweini Store | https://www.amazon.com/sp?seller=A2YN62LS3KFODN |