**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 26-cv-26834-JB**

QUANZHOU JIUCI TRADING CO., LTD,
Plaintiff,

v.

THE PARTNERSHIPS, UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A,
Defendants.

_____________________________________________/

**DEFENDANT THAT-SEATURTLE'S MOTION TO DISMISS THE COMPLAINT**

Defendant (seller "THAT-SEATURTLE," Seller ID AU3Y1S70WLYQL), by and through undersigned counsel, respectfully moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and, alternatively, under Rules 12(b)(2), 12(b)(3), and 21. The Complaint fails to state a claim for design-patent infringement. The asserted design is invalid on its face in light of prior-art designs, and the accused product does not infringe the protectable ornamental features of the claimed design. In addition, Plaintiff has improperly joined this Defendant under 35 U.S.C. § 299, and service was authorized on the basis of inaccurate information.

## I. INTRODUCTION

This is a Schedule A design-patent case involving U.S. Design Patent No. D1,057,416 (the "D'416 Patent"), titled "Laptop Bag." Plaintiff alleges that dozens of unrelated online sellers, including this Defendant, infringe the design by offering laptop bags with a foldable privacy shade. The Complaint should be dismissed as to this Defendant.

In design-patent cases, courts routinely dismiss complaints at the pleading stage when the claimed design is clearly invalid over prior art of which the court may take judicial notice, or when the ordinary-observer comparison shows that no reasonable factfinder could find substantial similarity in the protectable ornamental features. In G*rill Rescue LLC v. Schedule "A" Defendants*, No. 23-cv-15984 (N.D. Ill. Feb. 20, 2026) (Kness, J.), Rule 12(c) motion for judgment on the pleadings was granted. Side-by-side comparison of the design-patent drawings and images of the accused product showed multiple plain differences (proportions, surface texture, corners, bottom). The court held the ordinary-observer test can be applied at the pleading stage and rejected the argument that the court must accept a bare allegation of infringement as true. A copy of the order is attached as Exhibit A. In ***Young v. Stone***, No. 13 C 4920 (N.D. Ill. Aug. 28, 2014) (Guzman, J.), the case of design patent was dismissed on the pleadings based on substantial visual differences under the ordinary-observer test. A copy of the order is attached as Exhibit B.

Similarly, even for more complex utility patent case, Federal Circuit Court affirmed Rule 12(b) dismissal of the case at pleading phase. *Genetic Technologies Ltd. v. Merial L.L.C.*, 818 F.3d 1369 (Fed. Cir. 2016) (Nos. 2015-1202, 2015-1203, Apr. 8, 2016) (Prost, C.J., Dyk, Taranto, JJ.).

Here, both grounds independently warrant dismissal here.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678

(2009). In a design-patent infringement action, the complaint must plausibly allege a valid patent and infringement of the claimed ornamental design. Design patents protect only the ornamental aspects of an article; functional features are not protected. *Egyptian Goddess*, v. Swisa, Inc., 543 F. 3d 665, 670 (Fed. Cir. 2008). Broken lines form no part of the claimed design. 37 C.F.R. § 1.152.

Courts may take judicial notice of prior-art design patents and registrations. Where the comparison of the claimed design to prior art (or to the accused product) shows that the claim is invalid or that infringement is impossible as a matter of law, dismissal is appropriate. See, e.g., *Hoganas AB v. Dresser Indus., Inc.,* 9 F.3d 948, 954 n.27 (Fed. Cir. 1993); Fed. R. Evid. 201(b).

## III. ARGUMENT

### A. The Claimed Design Is Invalid Over Prior Art as a Matter of Law

The dominant visual feature of the D'416 Patent is a three-panel privacy shade / brim that folds over a laptop. This configuration is fully disclosed by prior art of which the Court may take judicial notice:

The D'416 Patent claims an ornamental design for a "Laptop Bag." The dominant visual feature is a three-panel privacy shade / brim that attaches to or folds over a laptop and can be collapsed for transport. This configuration is fully disclosed by prior art.

- **KR 30-1062059S** ("`059 Patent") discloses a laptop bag with internal side supports. While the side supports in the reference are overlapping, the one-piece side supports appearing in the D'416 Patent (to the extent they are claimed at all) represent an obvious, routine simplication/ modification of the same concept. The overall bag outline is likewise conventional. *See* Figure 1 below for comparison.



**Figure 1: Comparison of D`416 Patent (left) and `059 Patent (right)**

- **Korean Design Registration DM/213877 (KRDM/213877) — Light & Privacy Shade**

DM/213877 (filed 2021, published 2022) claims an ornamental design for a light & privacy shade for electronic device screens. The design consists of a three-panel shade (center panel plus left and right side panels) with living hinges, clips for attachment to a laptop screen, and the ability to fold flat for transport. The broken lines depict the laptop environment and form no part of the claim. This prior-art design anticipates or renders obvious the primary ornamental feature of the D’416 Patent—the foldable three-panel privacy shade/brim. See Figure 2, 3 and 4 below.



**Figure 2: DM/213877 Perspective View (left)**



**Figure 3: DM/213877 Front View (Prior Art)**

1.6



**Figure 4: DM/213877 Unfolded View Showing Three Panels (Prior Art)**

As shown above, DM/213877 fully discloses the three-panel foldable privacy shade configuration that is the dominant ornamental feature of the D’416 Patent. The side panels, living hinges, and overall brim geometry are present in the prior art. Any differences in the D’416 Patent (to the extent they are claimed at all in solid lines) represent at most an obvious, routine modification of the same concept.

Because the primary ornamental feature of the claimed design—the brim/privacy shade—is fully disclosed by the prior art, the design lacks novelty and is unpatentable under 35 U.S.C. § 171.

**B. The Accused Product Does Not Infringe as a Matter of Law**



**Figure 5: `059 Patent(left), DM/213877 (middle), and Defendant’s Product (right)**

From Figure 5 above, an ordinary observer will conclude that the right image that is Defendant’s product looks similar to DM/213877 as the three-panel are on the top with side overlapping support similar two `059 Patent, however, no ordinary observer will conclude Defendant’s product looks like D`416 Patent as below in Figure 6. The product image below is from Plaintiff’s Infringing Evidence [DE 8-4], at p. 39.





**Figure 6: D`416 Patent Compared with Defendant's Product**

From Figure 6 above, an ordinary observer will not conclude that they are substantially similar when factoring our the functional portion that includes the base, the ceiling and necessary side panel to block lights. Defendant's design features two overlapping panels with the trapezoid panel on the top, which is similar to that of DM/213877 (if Plaintiff claims it as its own design, Plaintiff's D`416 Patent was 100% disclosed by DM/213877), a pocket on the side panel; and a rectangular side panel connecting the ceiling and base, while D`416 Patent features upside-down design of that of Defendant with regards to the side panels.

**C. The Claimed Design Is a Mere Combination of Prior-Art Elements That Lacks the Inventive Originality Required by *Smith v. Whitman Saddle Co.***

The D'416 Patent's claimed design is the product of taking the prior-art design of KRDM/213877, inverting it, and combining it with an overlapping panel structure already disclosed in KR 30-1062059S. This is precisely the kind of non-inventive aggregation of known designs that the Supreme Court held unpatentable more than a century ago.

In *Smith v. Whitman Saddle Co*., 148 U.S. 674 (1893), the Court considered a design patent that combined the front half of one known saddle (the Granger tree) with the rear half of

another known saddle (the Jenifer/McClellan tree). The Court held that the patent was invalid because the designer had done nothing more than exercise the ordinary skill of the trade:

> Nothing more was done in this instance … than to put the two halves of these saddles together in the exercise of the ordinary skill of workmen of the trade, and in the way and manner ordinarily done. … [W]e do not think that the addition of a known cantle to a known saddle, in view of the fact that such use of the cantle was common, in itself involved genius or invention, or produced a patentable design.

*Id.* at 681. The Court emphasized that a design patent requires "originality" and the exercise of the "inventive faculty"; mere mechanical skill in combining or rearranging old forms is insufficient. *Id.* at 679–81.

The Federal Circuit recently reaffirmed and applied this principle in its en banc decision in *LKQ Corp. v. GM Global Technology Operations LLC*, 102 F.4th 1280 (Fed. Cir. 2024). In overruling the rigid *Rosen-Durling* framework for design-patent obviousness, the court expressly relied on *Smith v. Whitman Saddle Co.* as controlling Supreme Court authority. The court explained that *Whitman Saddle* requires courts to consider whether combining known prior-art designs is merely "an exercise of the ordinary skill of workmen of the trade" rather than an inventive contribution, and that a proper obviousness analysis must examine the knowledge of an ordinary designer and the differences between the prior art and the claimed design. *Id.* at 1294–96. The *LKQ* court held that *Whitman Saddle* (together with *KSR*) demands a flexible, fact-specific inquiry that rejects any test that would automatically protect a design merely because it is not "basically the same" as a single primary reference.

Here, the dominant visual feature of the D'416 Patent—the foldable three-panel privacy shade/brim—is fully disclosed by the prior art. Inverting KRDM/213877 and adding the overlapping panel concept from the '059 Patent is, at most, the kind of routine combination of

known elements that *Whitman Saddle* and *LKQ* hold does not produce a patentable design. No new ornamental conception or inventive step is present. Once the prior-art shade configurations are properly considered, the claimed design lacks the originality required by 35 U.S.C. § 171 and is invalid.



**Figure 7: Upside-Down `059 Patent(left), DM/213877 (middle), and D`416 Patent (right)**

From Figure 7 above, if you add the trapezoid sign panel of the uspide-down`059 Patent (left) and the overlapping panel in DM/213877 (middle), you will have D`416 Patent. Thus, such D`416 Patent is invalid. *LKQ Corp. v. GM Global Technology Operations LLC*, 102 F.4th 1280 (Fed. Cir. 2024).

Once functional features and unclaimed broken-line elements are disregarded, little if any protectable ornamental design remains. The Complaint therefore fails to state a claim for infringement of a valid design patent.

Even if the patent were valid, the ordinary-observer test of *Egyptian Goddess* requires comparison of the overall visual appearance of the claimed design with the accused product, in light of the prior art, focusing only on protectable ornamental features. Defendant's product includes side pockets and other design features not present in the claimed design. The overall

appearance differs. No ordinary observer, giving such attention as a purchaser usually gives, would find the designs substantially the same once the prior art is considered and unclaimed/ functional elements are ignored. Infringement is therefore implausible, and the claim should be dismissed. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F. 3d 665 (Fed. Cir. 2008).

**D. Misjoinder Under 35 U.S.C. § 299 Independently Warrants Dismissal or Severance as to This Defendant**

35 U.S.C. § 299(a) permits joinder of accused infringers only where the claims arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the same accused product and common questions of fact will arise. Section 299(b) expressly forbids joinder based solely on the allegation that each defendant has infringed the same patent. Plaintiff's Complaint alleges only independent sales of similar products on the same platform. That is insufficient. Courts in this District and the Northern District of Illinois routinely reject such Schedule A joinder. *See CreeLED, Inc. v. Schedule A*, No. 1:23-cv-22864-BB (S.D. Fla. Oct. 6, 2023) (Bloom, J.) (Order to Show Cause regarding joinder). Misjoinder is an independent ground for dismissal or severance under Rule 21 as to this Defendant.

**E. Alternate Service Was Authorized on Inaccurate Information**

The Court's Order authorizing alternate service under Federal Rule of Civil Procedure 4(f)(3) (ECF No. [9]) rested on Plaintiff's representations that Defendants' registered addresses were false, incomplete, phonetically translated, or otherwise unserviceable in China. *See* Declaration of Wei Zhang (ECF No. 9-2); Declaration of Andrew J. Palmer (ECF No. 9-1). Those representations are incorrect as to this Defendant.

Defendant THAT-SEATURTLE's Amazon seller-profile page publicly lists the following address:

福田区福田街道福安社区民田路178号
华荣大厦404-D017
深圳市
广东
518000

This is the same address reflected in Plaintiff's own materials as "Room 404-D017, Huarong Building, No. 178 Mintian Road, Fu'an Community, Futian Subdistrict, Futian District, Shenzhen, Guangdong 518000, CN." The building (Huarong Building / 华荣大厦) at No. 178 Mintian Road is a known commercial location in Futian District, Shenzhen. The full address, including the specific room designation 404-D017, is readily locatable and verifiable on Baidu.com (and other publicly available Chinese mapping and business-directory resources) without difficulty. It is not false, incomplete, or unserviceable.

Plaintiff's investigator acknowledged that "Huarong Building at No. 178 Mintian Road can be identified" but claimed the specific room designation could not be independently verified and that the address could not be associated with the Defendant. That claim is contradicted by the public Amazon seller profile itself and by standard address verification on Baidu. Because the address is both publicly displayed by Amazon and easily confirmable, traditional service methods were not exhausted, and the factual predicate for Rule 4(f)(3) alternate service (email plus website posting) was not satisfied as to this Defendant.

A court order authorizing alternate service is discretionary and depends on a showing that the proposed method is consistent with due process and not prohibited by international

agreement, based on accurate facts. Where the supporting declarations contain material inaccuracies regarding the serviceability of a defendant's address, the resulting order does not rest on a reliable foundation. At a minimum, the Court should reconsider the alternate-service authorization as to THAT-SEATURTLE.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the Complaint as to THAT-SEATURTLE with prejudice, or, in the alternative, sever this Defendant and dismiss for improper service and lack of personal jurisdiction. Defendant further requests such other and further relief as the Court deems just and proper.

Dated: Nov. 16, 2026

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
The Law Offices of James Liu PLLC
9000 SW 157th Street
Palmetto Bay, Florida 33157
Telephone: (305) 209-6188
Email: jamesliulaw@gmail.com
Counsel for Defendant THAT-SEATURTLE

## Certificate of Service

I hereby certify that on Nov. 16, 2026, a true and correct copy of the foregoing was served on counsel of record via the Court's CM/ECF system.

/s/ Jianyin Liu
Jianyin Liu, Esq.